UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG,<br><br>            Plaintiff,<br><br>       vs.<br><br>D. LUNA, et al.,<br><br>            Defendants. | 1:13-cv-02014-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(Doc. 1.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.      BACKGROUND**

Eddie Young ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 9, 2013. (Doc. 1.) Plaintiff has not paid the filing fee for this action or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

**III.    ANALYSIS**

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis in this action unless Plaintiff was, at the time the Complaint for this action was filed, under imminent danger of serious physical injury.

**A.    Plaintiff's Three "Strikes"**

Court records, of which this court takes judicial notice,[1] indicate that Plaintiff has filed no less than three civil rights actions which were dismissed for failure to state a claim prior to December 9, 2013, the date the Complaint for this lawsuit was filed. See Young v. Riley, CIV S-02-2297 LKK DAD P (E.D. Cal.), December 14, 2004, findings and recommendations recommending that motion to dismiss pursuant to 28 U.S.C. § 1915(g) be granted; adopted by district court on March 29, 2005, citing the following cases:

(1)    Young v. McCarger, CIV S-00-2393 GEB DAD P (E.D. Cal.) (dismissed on August 13, 2002, for failure to state a claim upon which relief can be granted);

(2)    Young v. Edwards, CIV 02-2289 CAS (MLGx) (C.D. Cal.) (dismissed with prejudice on May 1, 2002, for failure to state a claim upon which relief may be granted); and

(3)    Young v. Briddle, CIV 98-714 (N.D. Cal.) (dismissed June 5, 1998, for failure to state claim for relief and failure to file an amended complaint to remedy the problem).

The Magistrate Judge in case CIV S-02-2297 LKK DAD P found that these three cases were properly counted as "strikes" within the meaning of § 1915(g), because each case was

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

dismissed for failure to state a claim upon which relief can be granted.  (Court Record, case CIV S-02-2297 LKK DAD P, Doc. 53 at 2-3.)

### B.     Imminent Danger Exception – Ongoing Danger

In <u>Andrews</u>, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1056 (9th Cir. 2007), citing <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir.2003).   <u>Andrews</u> held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing.  See <u>Andrews</u> at 1053.

Plaintiff argues that he is under "ongoing danger" because of defendant Luna's threats and other officials' "physical and mental harassment." (Cmp, Doc. 1 at 4 ¶3.)  Plaintiff alleges that on five separate dates – October 31, 2012, December 5, 2012, December 8, 2012, December 15, 2002, and February 4, 2013 – defendants acted against him at the California Correctional Institution in Tehachapi, California, where Plaintiff is presently incarcerated.

### *October 31, 2012*

Plaintiff alleges that on October 31, 2012, defendant Correctional Officer (C/O) Luna loudly called Plaintiff a "baby rapist" within hearing of other staff members and inmates, saying, "He's got an R-suffix.  That's the reason he's on single cell status.  Baby Rapist.  Spit on me I'll kill your ass."  (Cmp at 5 ¶6.)  Plaintiff alleges that defendant Luna brought up Plaintiff's prior rape offenses to subject Plaintiff to "future harm or injury or imminent threat." (<u>Id</u>. ¶7.)  Plaintiff also alleges that defendant C/O Fuentes prevented him from communicating with defendant Luna's supervisor to report Luna's conduct.  Plaintiff alleges he felt threatened and unsafe.

### *December 5, 2012*

Plaintiff alleges that on December 5, 2012, defendants C/O Luna and Nurse Arredondo approached his cell.  Plaintiff refused to receive his prescribed medication from the nurse because C/O Luna accompanied her.  Nurse Arredondo walked away and C/O Luna began shouting back to Plaintiff, "You're a baby rapist and a cell warrior.  You piece of sh-t."  (<u>Id</u>.

¶15.) Plaintiff felt that he was "subject to imminent danger at the time of th[is] alleged incident" and "is subject to an ongoing risk of serious physical injury at the present time and in the future," because the correctional officers are able to find out about Plaintiff's charged offenses. (Id. ¶¶16, 17.)

### *December 8, 2012*

Plaintiff alleges that on December 8, 2012, defendants C/O Luna and C/O Rincon came to Plaintiff's individual exercise module cage. C/O Rincon cuffed Plaintiff behind his back. C/O Luna stood by the cage, pretending to cuff up another inmate. As C/O Rincon guided Plaintiff from the cage, Luna grabbed Plaintiff's handcuffs and stated, "You baby raper. Why do you talk sh-t from inside of the cell. You cell warrior." (Cmp at 7 ¶20.) Plaintiff was terrified and did not know how to respond. C/O Luna guided Plaintiff toward the building and became hostile, screaming, "Get down, get down, get down!" (Id. ¶21.) Luna assaulted Plaintiff, pulling down on the handcuffs while striking Plaintiff's right knee and shin. Plaintiff had done nothing to provoke the attack and did not resist. C/O Rincon struck Plaintiff in the head with his baton, and Luna applied additional force. Defendant Fuentes also assisted in the beating, kicking Plaintiff's face, body, and right temple, until Plaintiff lost consciousness. C/O Rincon covered Plaintiff's head and face with a spit hood, even though Plaintiff did not spit.

Also on December 8, 2012, defendants C/O Mayfield and C/O M. Montgomery attacked Plaintiff without provocation, dropping Plaintiff on his stomach and subduing him with excessive force. They also unnecessarily attacked him while lifting him from the ground to move him to the clinic. Plaintiff alleges that this incident "also relates to Plaintiff's claim that the danger to Plaintiff is ongoing." (Id. at 8 ¶28.) As a result of this incident, Plaintiff suffered multiple injuries and ongoing mental distress.

### *December 15, 2012*

Plaintiff alleges that on December 15, 2012, Nurse Da Luna approached his cell and harassed him. Prior to this incident, Nurse Da Luna had taken actions against Plaintiff, including denying him health care and mental health services. Plaintiff states that "[s]pecifically, before the December 15, 2012 incident, Nurse Da Luna posed serious or

imminent danger of serious physical injury to Plaintiff." (Id. at 14 ¶14.) Plaintiff alleges "he is subject to imminent danger at the present time," and "ongoing risk of serious physical injury," because correctional officers and medical personnel "all have the opportunity to harm inmates." (Id. ¶15.)

Also on December 15, 2012, Plaintiff alleges that defendant Da Luna and Officer Mendoza came to his cell. Plaintiff was issued one tablet rather than two of acetaminophen with codeine. The tablet, partly crushed, was placed in a cup of water. As Plaintiff drank from the cup, Da Luna and Mendoza told him to hurry up. Plaintiff alleges that Da Luna was on duty under the influence of drugs and verbally attacked him to annoy, discriminate, retaliate against, and terrorize Plaintiff.

### *February 6, 2013*

Plaintiff alleges that on February 6, 2013, defendant Klingenberg, Nurse Da Luna's supervisor, verbally attacked Plaintiff without provocation, wrongfully accusing Plaintiff of making threats to Da Luna. Plaintiff alleges that this incident shows that danger to Plaintiff is ongoing and he could do nothing to escape endangerment.

### **Discussion**

The Court finds that Plaintiff does not meet the imminent danger exception. Plaintiff fails to allege facts indicating that the threat he is under is ongoing within the meaning of Andrews, or more than speculative.

The plaintiff in Andrews alleged facts indicating a particular, present, threat to his life. He alleged that he was at risk of contracting HIV and that he had already contracted hepatitis C, because of his exposure to other prisoners who had those contagious diseases due to prison officials' policy of not screening prisoners for such diseases. In contrast, the threat Plaintiff alleges was speculative at the time he commenced this action, based on his fear that he will, at some time in the future, be subject to the same type of conduct that caused him to suffer harassment and injuries at the hands of correctional officers. These facts do not support the existence of a particular, present threat of serious physical injury at the time the Complaint was filed. "[T]he availability of the exception turns on the conditions a prisoner faced at the time

the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053. Plaintiff's allegation that the correctional officers and medical personnel have an "ongoing opportunity" to harass and injure him does not demonstrate imminent danger within the meaning of § 1915(g). Plaintiff argues that the threat is ongoing because in the past, defendant Luna threatened him and then carried out his threat to beat Plaintiff, causing Plaintiff to feel threatened whenever defendant Luna verbally harasses him. The danger that one of the correctional officers or medical staff will harass him and then carry out a verbal threat by injuring him is speculative, rather than a particular, present threat of injury. Therefore, Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action. Therefore, this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

**IV.   CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is denied leave to proceed in forma pauperis with this action;
2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **December 13, 2013**             **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE